DONNA M. MEZIAS (SBN 111902)
DOROTHY F. KASLOW (SBN 287112)
dmezias@akingump.com
dkaslow@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:   415-765-9501

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SMITH, an individual on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT U.S.A., INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.   **'19CV0402 BEN MSB**<br><br>**CLASS ACTION**<br><br>**HOME DEPOT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D), 1441, 1446, AND 1453**<br><br>[Certification of Interested Entities or Persons, Declarations of G. Edward Anderson, Ph.D., Donna M. Mezias, Christina Josiah and Civil Cover Sheet filed concurrently]<br><br>Date Action Filed: January 11, 2019<br><br>*(San Diego County Superior Court, No. 37-2019-00001930-CU-OE-CTL)* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support, Home Depot states as follows:

## BACKGROUND

1. On January 11, 2019, an action was commenced and is currently pending against Home Depot in the Superior Court of California, County of San Diego, as Case No. 37-2019-00001930-CU-OE-CTL. Declaration of Donna M. Mezias ("Mezias Decl.") ¶ 2 & Ex. A. According to the Proof of Service of Summons filed on February 1, 2019, the complaint was served on Home Depot on January 28, 2019. *Id.*, at ¶ 3 & Ex. B. On February 26, 2019, Home Depot filed its Answer to the Complaint. *Id.*, at ¶ 4 & Ex. C. No other process, pleadings, or orders have been filed by or served upon defendant as part of Case No. 37-2019-00001930-CU-OE-CTL. *Id.*, at ¶ 5. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above action are attached to the Mezias Declaration, filed concurrently in support of this Notice of Removal.

2. Plaintiff Craig Smith is a former Assistant Store Manager for Home Depot. *See* Complaint ¶ 4. Smith asserts claims under the California Labor Code for failure to pay overtime wages, failure to provide meal breaks, failure to provide rest breaks, and failure to timely pay final wages. *Id.* ¶¶ 63-96. He also asserts a claim for unfair competition. *Id.* ¶¶ 48-62.

3. Smith purports to bring these claims on behalf of a putative class that includes all persons employed by Home Depot as Assistant Store Managers and classified as exempt from overtime wages in California within the four years prior to the filing of the Complaint. *Id.* ¶¶ 8, 22.[1]

---

[1] Home Depot denies Smith's class allegations. However, for purposes of estimating the amount in controversy, the allegations of Smith's complaint are assumed to be true.

4.      <u>Timeliness</u>.  The Complaint and Summons were served on January 28, 2019.  *See* Mezias Decl. ¶ 3 & Ex. B.  Home Depot's Notice of Removal is timely because it is filed within thirty (30) days of that service.  *See* 28 U.S.C. § 1446(b).

5.      <u>Jurisdiction</u>.  This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441.  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest).  *See* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6), and (d)(11)(B)(i).  These criteria are satisfied here.[2]

6.      <u>Class Size.</u>  During the relevant period, Home Depot has employed approximately 1,875 Assistant Store Managers in California who were classified as exempt.  Declaration of G. Edward Anderson ("Anderson Decl.") ¶ 6.[3]  Therefore, the putative class exceeds 100 members.  *See* Complaint ¶ 8 (defining the putative class to include "all persons who are or previously were employed by DEFENDANT as Assistant Managers in California and were classified as exempt from overtime

---

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (citations omitted)).

[2] Further, CAFA applies here because Smith expressly brings this class action "pursuant to California Code of Civil Procedure section 382." Complaint ¶¶ 24, 36; *see Bodner v. Oreck Direct, LLC*, No. C 06-04756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

[3] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit.  *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

wages . . . at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court . . . .").

7. <u>Diversity of Citizenship.</u> At all relevant times, there has been diversity of citizenship between the parties to the action. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal citations omitted). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

8. The putative class includes citizens of California, including plaintiff Smith. Throughout his employment with Home Depot, Smith maintained a California residential address on file with Home Depot and worked at retail stores in California, both of which establish his California residency. Declaration of Christina Josiah ("Josiah Decl.") Decl. ¶ 4[4]; *see Lam Research Corp. v. Deshmukh*, 157 F. App'x 26, 27 (9th Cir. Nov. 29, 2005) (defendant who had lived and worked for plaintiff in Washington was presumptively a Washington citizen, despite his claim that he had changed his domicile from Washington to California); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (residential address provided by employee to employer is prima facie evidence of state citizenship).

9. Further, Smith seeks to represent classes consisting of Assistant Managers employed in California. Complaint ¶¶ 8, 24-45. These putative classes logically include other California citizens as well.

10. Home Depot is not a citizen of California. "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). Home Depot is not incorporated in California, but is rather organized and incorporated under the laws of Delaware. *See Ottaviano v. Home Depot, Inc. U.S.A.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal

---

[4] Specifically, Smith worked at Home Depot stores throughout California, including in Genesee, Santee, Chula Vista, and Lemon Grove. Josiah Decl. ¶ 4.

executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia"); Josiah Decl. ¶ 2. Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108; Josiah Decl. ¶ 2.

11. Defendants DOES 1-50 are unidentified. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. FoodsCorp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (internal citations ommitted).

12. Accordingly, this action involves citizens of different states: Smith is a citizen of California (and seeks to represent a class including California citizens) and Home Depot is a citizen of Delaware and Georgia. Thus, the CAFA minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

13. <u>Amount in Controversy.</u> Home Depot avers, for purposes of this Notice only and without conceding liability for the claims alleged by Smith or that Smith can properly represent the putative class, that Smith's claims place more than $5 million in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered"). As the United States Supreme Court has held, a defendant's notice of removal need only include a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 549, 554 (2014). Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.,* 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances). In determining whether the amount in controversy is met, the Court considers all requested relief, "including ... punitive damages, statutory penalties, and attorney's fees." *Lake v. Delta Air Lines, Inc.,* No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011). Under this standard, the amount in controversy is easily met.[5]

14. For his Fifth Cause of Action, Smith alleges that Home Depot owes penalties pursuant to California Labor Code section 203 for failing to pay all overtime wages due to putative class members at the end of their employment. *See* Complaint ¶¶ 10, 95, 96 & Prayer for Relief, 2(D). Under Section 203, former employees whom an employer willfully denied wages may recover penalties in the amount of their daily rate of pay for a period of up to thirty days. *See* Cal. Lab. Code §203. Smith alleges that Home Depot did "fail[] to tender full payment and/or restitution of wages owed or in the manner required by California law to the members ... who have terminated their employment." Complaint ¶ 42(c) Under Smith's theories, all putative class members whose employment ended since January 11, 2016 are entitled to recover waiting time penalties equal to 30 days of wages.[6] *See, e.g., Korn v. Polo Ralph Lauren Corp.,* 536

---

[5] Smith alleges that the aggregate claim, including attorneys' fees, is under the $5 million dollar CAFA threshold. Compl. ¶ 8. However, "a plaintiff seeking to represent a putative class [cannot] evade federal jurisdiction by stipulating that the amount in controversy [falls] below the jurisdictional minimum." *See Rodriguez,* 728 F.3d at 981; *see also Vasquez v. First Student, Inc.,* No. 2:14-CV-06760-ODW(Ex), 2014 U.S. Dist. LEXIS 168295, at *7 (C.D. Cal. Dec. 3, 2014) ("Plaintiff's cap on the amount in controversy should be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy.").

[6] A three-year statue of limitations applies to claims for penalties under Section 203. *See Pineda v. Bank of America, N.A.,* 50 Cal. 4th 1389, 1395-96 (2010).

5

HOME DEPOT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453

F. Supp. 2d at 1205-06 (plaintiff placed maximum penalty in controversy by alleging putative class members are entitled to penalty "up to" statutory maximum); *Schuyler v. Morton's of Chicago, Inc.*, No. CV 10-06762 ODW (JCGx), 2011 WL 280993, at *5 (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30 days of waiting time penalties where complaint alleges multiple wage violations that were never paid); *Marentes v. Key Energy Servs. Cal., Inc.*, No. 1:13-cv-02067-LJO-JLT, 2014 WL 814652, at *9 (E.D. Cal. Feb. 28, 2014) (amount in controversy included 30-day penalty for each former employee where plaintiff alleged consistent failure to pay wages); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW(JPRx), 2015 WL 93335, at *10 (C.D. Cal. Jan. 7, 2015) (crediting assumption of maximum penalties).

15. Here, at least 350 putative class members stopped working for Home Depot since January 11, 2016 (three years before the filing of the complaint) and, therefore, are eligible to recover Section 203 penalties. Anderson Decl. ¶ 8. These individuals earned, on average, annual salaries of $62,500.00. Anderson Decl. ¶ 9. They were full time employees who typically earned at least $240.00 per workday. *See* Josiah Decl. ¶ 5; Anderson Decl. ¶ 9. Accordingly, an average 30-day penalty would be at least $7,200.00 (30 × $240.00). Therefore, the total amount of Section 203 penalties in controversy exceeds $2.5 million ($7,200.00 × 350 = $2,520,000.00). *See Korn*, 536 F. Supp. 2d at 1205-06.

16. For his Second Cause of Action, Smith alleges that Home Depot failed to pay him and the putative class members all overtime wages due under the California Labor Code due to Home Depot's "company-wide policy and procedure" of classifying putative class members as exempt and failing to pay them overtime. Complaint ¶ 22. Smith alleges that putative class members worked more than eight hours in a workday and/or 40 hours in a workweek and he seeks to recover unpaid overtime wages on behalf of each putative class member. Complaint ¶¶ 9, 63-80 & Prayer for Relief ¶ 2(B). Since January 11, 2015, putative class members earned annual salaries of approximately $62,500 on average and thus earned roughly $30.00 per hour for a 40-

1  hour week, so the average overtime rate is approximately $45.00. Anderson Decl. ¶ 7;
2  Cal. Lab. Code § 515(d)(1) (nonexempt salaried employees' regular rate, for overtime
3  purposes, is 1/40th their weekly salary); Josiah Decl. ¶ 5 (putative class members are full
4  time employees who work at least 40 hours a week).  If putative class members worked
5  only 30 minutes per week of alleged overtime, across the 217,000 workweeks at issue
6  (Anderson Decl. ¶ 7), this claim places over $4.8 million in controversy (217,000 x
7  $22.50 = $4,882,500), a conservative estimate given Smith's claim that the policies and
8  practices that lead to unpaid overtime were "uniform and systematic" and that he was
9  "required to work" overtime during the class period. Complaint ¶¶ 23, 27; *see, e.g.,*
10 *Reginald Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-01534-ODW-PLA, 2015
11 WL 5568610, at *3 (C.D. Cal. Sept. 22, 2015) (where plaintiff fails to quantify the
12 alleged unpaid overtime, "assuming only one hour of overtime per week is reasonable");
13 *Oda,* 2015 WL 93335, at *4-5 (reasonable to assume one hour of unpaid overtime per
14 week where plaintiffs asserted defendant "sometimes" failed to pay overtime); *Jasso v.*
15 *Money Mart Exp., Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *5 (N.D. Cal.
16 Mar. 1, 2012) ("Given the allegations of a 'uniform policy and scheme' … one [hour of
17 unpaid overtime] per week … is a sensible reading of the alleged amount in
18 controversy") (citations omitted); *Wilson v. Best Buy Co.*, No. 2:10-cv-3136-GEB-KJN,
19 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (plaintiff's generic overtime allegations
20 placed one hour of overtime per week in controversy for each class member).

21         17.    For his Third and Fourth Causes of Action, Smith alleges that Home Depot
22 failed to provide him and the putative class members meal breaks (Complaint ¶¶ 81-84)
23 and rest breaks (Complaint ¶¶ 85-88) in accordance with California Law. Smith seeks
24 to recover meal and rest break premiums equivalent to one hour's pay at the regular rate
25 for each shift in which he and putative class members did not receive compliant meal or
26 rest breaks. Cal. Lab. Code § 226.7(c); Complaint ¶¶ 81-84 (meal breaks); ¶¶ 85-88
27 (rest breaks).
28

If the putative class members, on average, claim only one meal break violation and one rest break violation every two weeks, these claims will place more than $6.5 million in controversy ((217,000 workweeks[7] × 0.5 × $30.00 × 1 rest break violation = $3,255,000) + (217,000 workweeks × 0.5 × $30.00 × 1 meal break violation = $3,255,000) = $6,510,000). *See* Anderson Decl. ¶ 7. This estimate is conservative given that Assistant Managers typically work break-eligible shifts (Complaint ¶¶ 56, 75) and in light of Smith's allegations that Home Depot "often" failed to provide meal breaks, "periodically" failed to provide rest breaks, and lacks any "policy or practice which provided meal and rest breaks." *See* Complaint ¶¶ 23, 82, 86; *see, e.g., Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (accepting defendant's estimate of one meal break violation and one rest break violation *per day* for amount in controversy purposes, where plaintiff alleged that defendant did not provide breaks because it misclassified him and putative class members as exempt); *cf. Dawson v. Hitco Carbon Composites, Inc.*, No. CV16-7337 PSG(FFMx), 2016 WL 7235629, at *3-4 (C.D. Cal. Dec. 14, 2016) (approving of "conservative" 50 percent violation rate for meal and rest break claims, and citing cases approving 100 percent violation rate); *Oda*, 2015 WL 93335, at *5 (approving of 50 percent violation rate for meal and rest break claims).

      18.    In sum, Smith's claims for penalties for failing to pay all wages due to employees upon the end of their employment ($2.5 million), overtime damages ($4.8 million), and meal and rest break premiums ($6.5 million) conservatively place approximately $13.8 million in controversy. *See, e.g., Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BJM(JMA), 2008 WL 4104475, at *1 (S.D. Cal. Sept. 2, 2018) (amount in controversy satisfied under preponderance of evidence standard where

---

[7] A three-year statute of limitations applies to wage and hour claims brought under the California Labor Code. *See* Cal. Civ. Proc. Code § 338(a); *Aubry v. Goldhor*, 201 Cal. App. 3d 399, 404 (1988). However, because Smith's first cause of action states a claim under California Business and Professions Code section 17200 based on his meal break and rest break allegations, he seeks recovery for a four-year period. *See* Complaint ¶¶ 48-62 (expressly "incorporat[ing] by reference" the first cause of action).

1  estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million).

19. In connection with each of his causes of action, Smith also seeks attorneys' fees, which must be included in the amount of controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit has established 25 percent of total potential damages as a benchmark award for attorney's fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorney's fees by adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304, at *4-5 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where defendant showed potential damages of $4.2 million because attorneys' fees of 25 percent brought the total amount in controversy to $5.3 million). Attorneys' fees of 25 percent place an additional $3.4 million in controversey.

20. In short, even by conservative estimates, the total monetary relief placed in controversy by the complaint far exceeds $5 million. Therefore, the amount in controversy requirement is satisfied. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded the requisite amount).

21. There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or that would require it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

## VENUE

22. The United States District Court for the Southern District of California is the judicial district embracing the place where this action was filed by Smith and thus is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant requests that the above action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Respectfully submitted,

Dated: February 27, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By  */s/ Donna M. Mezias*
Donna M. Mezias
Attorneys for defendant
Home Depot U.S.A., Inc.